The plaintiff brought this suit to recover the sum of $1,126.50, $600 of which consists of a check issued by the Brock Lime Company in favor of plaintiff, dated May 10, 1945, which check was not paid by the bank on which it was drawn; and the balance of the amount sued for consists of a claim for hauling 351 tons of lime between June 26, 1945, through September 28, 1945, at $1.50 per ton, or a total of $526.50. The suit is against the Brock Lime Company, and the two persons, C.A. Brock and his wife, Maud Johnson Brock, who are alleged to be members of the said Brock Lime Company. The plaintiff alleged in his petition that the defendants had a number of suits filed against them and that they are insolvent; that the defendants will convert their property into money, or they are about to convert their property into money with the intention of placing it beyond the reach of plaintiff as a creditor; that the defendants have mortgaged or are about to mortgage or dispose of their property with the intent to defraud their creditors. A writ of attachment was asked for and issued, attaching certain property belonging to the defendants.
The defendants appeared and filed a motion to dissolve the writ of attachment on the ground that the allegations on which the writ issued were not true. This motion *Page 546 
to dissolve was referred to the merits. The defendants answered, admitting liability for the amount of the check and also admitting that C.A. Brock was due plaintiff the further sum of $454.87 for lime hauled in accordance with a contract had with the plaintiff. Defendant C.A. Brock alleged in his answer that he was the sole owner of the Brock Lime Company, operating under that name. He further set up in his answer a claim against plaintiff for $465, the value of a lime spreader body which he claims was on plaintiff's truck and which body plaintiff took possession of and still has in his possession, leaving a balance due plaintiff of $589.87. In his answer, Brock further claimed against plaintiff the sum of $250 as damages for the illegal issuance of the writ of attachment.
The case was tried and judgment rendered in favor of plaintiff against C.A. Brock, individually and doing business as the Brock Lime Company, in the amount prayed for, with legal interest on the past-due amounts. The writ of attachment was dissolved, and the lime spreader body in the possession of plaintiff belonging to Brock was decreed to be the property of the defendant and subject to his orders. The defendant Brock appealed, and plaintiff answered the appeal, asking that the judgment be amended by condemning Mrs. Brock for the amount and by maintaining the attachment.
[1] The testimony shows that plaintiff furnished a truck and driver to Brock for hauling lime in connection with the AAA Government program. Plaintiff claims lie was to get $1.50 per ton, but the defendant claims that plaintiff was to get only $1 per ton for the lime which was hauled to the farms and not spread on the ground. Defendant does not deny issuing the check for $600 to plaintiff on May 10, 1945, which was in payment of money due plaintiff at that time for hauling the lime. There is no dispute about the amount of this check being due the plaintiff. Defendant annexed to his answer a statement showing that he owed a balance for hauling and spreading lime of the total sum of $1,054.87, including the $600 check, while the plaintiff claims a total of $1,126.50, a difference of $71.63. There is an itemized statement made up by defendants which shows this balance which defendants admit they owe plaintiff, and which shows that plaintiff was allowed $1.50 per ton for the lime hauled and spread, but was allowed only $1 per ton for 100 tons which defendants claim was hauled but was not spread on the ground on account of rain. There are also some deductions made by defendants which are shown on the statements filed in the record, which deductions cover the purchase of gas and the payment of other items furnished plaintiff's truck by defendants, as well as certain items claimed to have been paid the driver. While plaintiff denies the correctness of these charges and denies that he was to receive only $1 per ton for lime hauled and not spread, yet in view of the fact that defendant Brock and his wife testified positively that this was the agreement and that the items charged on the account rendered plaintiff were correct, we think the statement furnished by defendants should be accepted, showing the balance due at the time the suit was filed as $1,05487. In any event, the difference is so small that we think substantial justice would be done by accepting this as the proper balance.
[2] As to the credit of $465 claimed by defendant Brock as the value of the lime spreader body which plaintiff has in his possession, the trial judge was correct in holding that this body belongs to the defendant and plaintiff holds it subject to the order of Brock. The circumstances under which plaintiff had possession of the body are as follows: the defendant loaned the body to plaintiff for use in hauling and spreading the lime, and at the time when plaintiff ceased hauling because of the fact that defendant owed him a considerable balance which he was unable to collect, the plaintiff took his truck with the body attached to it and carried it to his home where the body was later detached and left out in the weather. While it appears that plaintiff took this body with the possible idea of holding it as a kind of security on his claim, yet it does not appear that Brock ever demanded its return or made any effort to get it back. Plaintiff does not deny that *Page 547 
the body belongs to defendant, and he is asserting no claim against it.
[3] As to the attachment, the plaintiff failed to prove any of the grounds which he alleged in support of the writ. While defendant Brock appears to have sold a truck some time before the suit was filed, there is no evidence to show that he was attempting to defraud the plaintiff or any other creditor, but the sale was made as he had no use for the truck in his business. It is also shown that defendants offered to sell some timber on a piece of land standing in the name of Mrs. Brock and turn over the money to the plaintiff in payment of his claim. No timber was sold to any one before the attachment was issued. Nor does it appear that either C.A. Brock or his wife attempted to mortgage or dispose of any property to defraud the plaintiff out of his claim. They were unable to pay the claim, but no grounds for attachment existed at the time the writ issued.
[4] In support of the attachment, plaintiff introduced the record of several lawsuits filed against the defendants during the past five or six years previous to the filing of this suit. The filing of a suit against a debtor by one or more of his creditors is no ground for attachment on the part of another creditor. Moreover, it appears that defendants settled or adjusted at least some of these suits filed against them.
[5, 6] Defendant Brock claims damages in the sum of $250 in his answer for the illegal issuance of the writ. As has already been stated, the motion to dissolve the writ was tried with the merits of the case, and no damage can be recovered as there would be no way of proving the loss incident to the main suit and that caused by the attachment. In any event, no damages were proved.
[7] As to Mrs. C.A. Brock, the record shows that she was not a partner with her husband in the business operated by him under the name of Brock Lime Company, and the trial judge was correct in dismissing the suit as to her.
For the reasons assigned, it is ordered that the judgment be amended by reducing the amount from $1,126.50 to the sum of $1,054.87, and as thus amended, the judgment is affirmed; plaintiff to pay the costs of the appeal, and the defendant to pay all other costs.